UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lawrence E. Moon Funeral Home, *et al.*,

          Plaintiffs,

v.

Metropolitan Life Insurance Company,

          Defendant.

_____/

Case No. 22-10890

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION [1]**

Plaintiffs Lawrence E. Moon Funeral Home and Loyst Fletcher, Jr. filed the complaint in this matter on April 26, 2022. (ECF No. 1.) On May 16, 2022, the Court entered an order for Plaintiffs to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). (ECF No. 4.) On May 26, 2022, Plaintiffs filed a response to the Court's May 16, 2022 order. (ECF No. 7.) In this response, Plaintiffs agreed that the

Court does not have subject matter jurisdiction over the complaint and "consent that this is a State action." (*Id.* at PageID.36.)

Under Federal Rule of Civil Procedure Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The "objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, (2006); *see also Prime Rate Premium Finance Corp., Inc. v. Larson*, 930 F.3d 759, 764–65 (6th Cir. 2019); *Beanstalk Innovation, Inc. v. SRG Tech., LLC*, 823 F. App'x 404, 408 (6th Cir. 2020).

Furthermore, it is well settled in the Sixth Circuit that "a dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for preclusive purposes." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004). Instead, when a dismissal is "jurisdictional in nature," it is "without prejudice." *Id.* at 523.

As set forth in the Court's order to show cause entered on May 16, 2022, Plaintiff's allegations are insufficient to show subject matter

jurisdiction under either diversity jurisdiction or federal question jurisdiction. Accordingly, Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).

IT IS SO ORDERED.

Dated: May 27, 2022  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2022.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager