UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lawrence E. Moon Funeral Home
and Loyst Fletcher, Jr.,

              Plaintiffs,

v.

Metropolitan Life Insurance
Company,

              Defendant.

Case No. 22-10890

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A.
Stafford

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RELIEF FROM JUDGMENT AND
FOR RECONSIDERATION [10]**

Before the Court is Defendant Metropolitan Life Insurance Company's motion (ECF No. 10) for relief from judgment from and for reconsideration of the Court's May 27, 2022 order and judgment dismissing the case without prejudice. (ECF Nos. 8, 9.) For the reasons set forth below, Defendant's motion is denied.

**I.    Background**

Decedent Byron Crimes died on April 4, 2020. (ECF No. 1, PageID.2, ¶ 6.) Crimes had a life insurance policy (the "Plan") with

Defendant through his employer, American Axle & Manufacturing Inc. (*See id.* at PageID.2, ¶ 7; ECF No. 10-2, PageID.54.) Although Crimes failed to name a beneficiary for his policy, the Plan provided that benefits would be paid to Crimes' minor children. (*See* ECF No. 1, PageID.3, ¶¶ 8, 10; *see also* ECF No. 10, PageID.48; ECF No. 10-2, PageID.126.)

Following Crimes' death, Plaintiff Lawrence E. Moon Funeral Home "performed the funeral and burial service" for Crimes, and Plaintiff Loyst Fletcher, Jr. administered Crimes' estate. (ECF No. 1, PageID.2, ¶¶ 2–3.) Plaintiffs subsequently petitioned the Oakland County Probate Court for an order requiring Defendant to make payments to Plaintiffs from the proceeds of the Plan to cover funeral and administrative expenses. (*See id.* at PageID.3, ¶ 11.) The probate court held a hearing on February 14, 2022, and entered the requested order. (*See id.* at PageID.3, ¶¶ 13–14; *see also* ECF No. 1-2.) However, Defendant refused to make any payments to Plaintiffs, citing the terms of the Plan and the Employee Retirement Income Security Act of 1974 ("ERISA"). (*See* ECF No. 1, PageID.3, ¶¶ 15–16; *see also* ECF Nos. 1-3, 1-4.)

On April 26, 2022, Plaintiffs filed this action in federal court. (ECF No. 1.) In their complaint, Plaintiffs sought "[a] declaration that

2

Defendant . . . holds the proceeds as constructive trust for the benefit of Plaintiffs" and an order directing "the payment to Plaintiffs pursuant to the State Court's Order."[1] (*Id.* at PageID.4.) Plaintiffs alleged in the complaint that the Court had federal question jurisdiction over the case because Plaintiffs were seeking relief under ERISA. (*Id.* at PageID.2, ¶ 1.) Plaintiffs also cited to ERISA's jurisdictional provision, 29 U.S.C. § 1132(f).[2] (*Id.* at PageID.2.)

On May 16, 2022, the Court ordered Plaintiffs to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 4.) In its order, the Court indicated that the allegations in Plaintiffs' complaint failed to establish either diversity jurisdiction or federal question jurisdiction under ERISA. (*Id.* at PageID.20.) With respect to federal question jurisdiction, the Court explained that

---

[1] Plaintiffs' complaint does not articulate any specific counts or claims. Instead, these demands for a declaration of a constructive trust and an order directing Defendant to make payments from the Plan appear in the complaint under a heading titled "Request for Relief." (ECF No. 1, PageID.4.) It is not clear from the complaint under what basis Plaintiffs are seeking their requested relief.

[2] Under 29 U.S.C. § 1132(f), "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action."

Plaintiffs' conclusory reference to § 1132(f) was insufficient because Plaintiffs are not participants or beneficiaries of the Plan and therefore could not make a claim under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). (*Id.* at PageID.21–22.) On May 26, 2022, Plaintiffs responded and agreed that the Court did not have subject matter jurisdiction. (ECF No. 7.) Relying on its order to show cause and Plaintiffs' concession, the Court entered an order dismissing the case without prejudice and a corresponding judgment on the following day. (ECF Nos. 8, 9.)

On June 10, 2022, Defendant filed a motion for relief from judgment and for reconsideration.[3] (ECF No. 10.) Plaintiffs did not file a response.[4]

---

[3] Defendant's motion references Federal Rule of Civil Procedure 60 but does not specify the applicable subsection under which it seeks relief. Because the motion argues that the Court erred in concluding that it lacked subject matter jurisdiction, the Court considers the motion as seeking relief under Rule 60(b)(1). In addition, the Court presumes that the portion of Defendant's motion requesting reconsideration also seeks relief under Rule 60(b)(1). *See* E.D. Mich. LR 7.1(h)(1) ("Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule.").

[4] While a response to a motion for reconsideration under Local Rule 7.1(h) is not permitted without a court order, *see* E.D. Mich. LR 7.1(h)(3), this limitation does not apply to motions under Rule 60(b). *See* E.D. Mich. LR 7.1(h)(1).

## II. Legal Standard

Under Federal Rule of Civil Procedure 60(b)(1), the Court may grant a party relief from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." "Rule 60(b)(1) 'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794, 799 (6th Cir. 2020) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). Whether to grant relief under Rule 60(b) is in the court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## III. Analysis

In its motion, Defendant argues that the Court erred when it dismissed this case for lack of subject matter jurisdiction. (*See* ECF No. 10.) Defendant does not dispute that the Court lacks diversity

5

jurisdiction. However, it contends that the Court has federal question jurisdiction because "Plaintiffs claim an entitlement to benefits based upon a probate court order applying a state law in contravention of the Plan documents." (*Id.* at PageID.46.) Additionally, Defendant argues that "[s]uch state law claims are preempted, and any remaining dispute over the meaning of the Plan is properly addressed in this Court." (*Id.*) It is unclear from the motion whether Defendant believes that the basis for federal question jurisdiction is ERISA's express preemption provision, 29 U.S.C. § 1144(a), or complete preemption under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). As set forth below, neither provision provides a basis for subject matter jurisdiction over this case.[5] Therefore, Defendant fails to identify a substantive mistake of law or fact in the Court's prior orders and judgment, and Defendant's motion under Rule 60(b)(1) is denied.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

---

[5] In its motion, Defendant also asserts that it "can file an independent federal action requesting a declaratory judgment or seeking interpleader as governed by ERISA." (ECF No. 10, PageID.43.) But whether Defendant can bring a separate federal case related to the parties' dispute has no bearing on the Court's prior decision that it lacks subject matter jurisdiction over this case.

6

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Thus, 'the existence of a federal defense normally does not create' federal-question jurisdiction." *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "That is true, for example, of [a federal defense involving] ERISA's express-preemption clause, 29 U.S.C. § 1144(a), which preempts 'any and all State laws insofar as they may . . . relate to any employee benefit plan'" as defined by the statute. *Id*. The Sixth Circuit has stated that while "ERISA's express preemption provision is strong," its "broad preemptive reach does not alone suffice to take it outside the normal rule that a federal preemption defense does not" itself confer federal question jurisdiction. *See K.B. v. Methodist Healthcare - Memphis Hosps.*, 929 F.3d 795, 800 (6th Cir. 2019) (citing *Gardner*, 715 F.3d 612); *see also Brigolin v. Blue Cross Blue Shield of Mich.*, 516 F. App'x 532, 540 n.3 (6th Cir. 2013) ("Express preemption under § 1144 . . . covers a claim that 'relates to' an employee benefit plan, but—because it does not fall within ERISA's civil enforcement regime—does not provide ERISA jurisdiction and is

7

simply a defense that is grounds for dismissal . . . ." (citing *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001)).

Here, Defendant cannot establish that federal question jurisdiction exists under § 1144(a). In support of jurisdiction, Defendant asserts that the probate court's order requiring Defendant to make payment to Plaintiffs under state law conflicts with the terms of the Plan and is therefore preempted by ERISA. (*See* ECF No. 10, PageID.45–48, 50.) But, as discussed above, an express preemption defense under § 1144(a) is insufficient to overcome the well-pleaded complaint rule and confer federal question jurisdiction in this case. *See Estate of Meadows v. Meadows*, No. 12-13369, 2013 U.S. Dist. LEXIS 202985, at *9–12 (E.D. Mich. Apr. 23, 2013) (holding that the court did not have federal question jurisdiction under § 1144(a) to hear the estate's request for a constructive trust over benefits being paid to the decedent's ex-wife). Thus, to the extent Defendant argues that § 1144(a) provides a basis for federal question jurisdiction here, that argument fails.

Unlike express preemption under § 1144(a), a defense based on § 1132(a)'s complete preemption can provide a basis for subject matter jurisdiction. The Supreme Court has recognized an exception to the well-

pleaded complaint rule when a federal statute "wholly displaces the state-law cause of action through complete pre-emption." *Gardner*, 715 F.3d at 612 (quoting *Davila*, 542 U.S. at 207.) Complete preemption occurs where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Hogan v. Jacobson*, 823 F.3d 872, 879 (6th Cir. 2016) (quoting *Caterpillar*, 482 U.S. at 393). While express preemption under § 1144(a) does not satisfy this standard, the Supreme Court has held that § 1132(a)(1)(B) of ERISA "is part of a 'civil enforcement scheme' whose 'comprehensive' and 'carefully integrated' character 'provide[s] strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Gardner*, 715 F.3d at 613 (alteration in original) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)); *see also Davila*, 542 U.S. at 209. As such, "ERISA completely preempts a plaintiff's state law claim when the claim 'duplicates, supplements, or supplants the ERISA civil enforcement remedy' in § 1132(a)(1)(B), even if the state law claim makes no reference to or has no explicit connection with ERISA." *K.B.*, 929 F.3d at 800 (quoting *Davila*, 542 U.S. at 209)).

To the extent Defendant argues that the Court has federal question jurisdiction over this case under § 1132(a), such an argument also lacks merit. In its motion, Defendant quotes from the Court's May 16, 2022 order to show cause and argues that Plaintiffs' status as participants or beneficiaries "alone does not determine whether [] subject matter jurisdiction exists in this case." (ECF No. 10, PageID.45.) Additionally, Defendant cites several cases that concern preemption under § 1132(a), including *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991), and *Estate of McCalip v. Metropolitan Life Insurance Co.*, No. 08-12806, 2009 WL 1883533, at *2–3, *6 & n.1 (E.D. Mich. June 30, 2009) (Edmunds, J.).[6] (*See* ECF No. 10, PageID.46, 49–50.) But Defendant fails to identify any error in the Court's prior decision that it lacks jurisdiction under § 1132(a).

In its order to show cause, the Court stated:

> "Claims by anyone other than a 'participant or beneficiary,' . . . fall outside the scope of ERISA's civil enforcement section." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 946

---

[6] In *Cromwell*, the Sixth Circuit found that the court had subject matter jurisdiction and that removal to federal court was proper because the plaintiffs' claims were completely preempted under § 1132(a)(1)(B). 944 F.2d at 1277–78. In *Estate of McCalip*, Judge Edmunds did not expressly address the basis for the court's jurisdiction but nevertheless concluded that the plaintiff's claims were preempted under § 1132(a)(1)(B). 2009 WL 1883533, at *3.

> (6th Cir. 1994). Here, Plaintiffs do not allege that they are participants or beneficiaries as contemplated by ERISA. *Rohi v. Cigna Health & Life Ins. Co.*, No. 2:22-CV-10551, 2022 WL 882155, at *2 (E.D. Mich. Mar. 24, 2022) (quoting *Alexander*, 13 F.3d at 946) . . . . Accordingly, Plaintiffs only made a conclusory assertion that they raised a federal question as required for federal question jurisdiction.

(ECF No. 4, PageID.21.) Although "dismissal for lack of jurisdiction [is] improper where the plaintiff ma[kes] 'at least a colorable claim' that he was an ERISA participant" or beneficiary, *Halttunen v. City of Livonia*, 664 F. App'x 510, 513 (6th Cir. 2016) (citing *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 443–44 (6th Cir. 2006)), there is no colorable claim here that Plaintiffs are participants or beneficiaries of the Plan. (*See* ECF No. 1, PageID.2–4, ¶¶ 5, 10, 19, 21 (identifying Crimes' minor children as the beneficiaries of the Plan); ECF No. 10, PageID.50 (same).) And because Plaintiffs are not participants or beneficiaries, any state-law claims properly brought by Plaintiffs would not be completely preempted under ERISA. As such, the Court did not err in concluding that it lacked jurisdiction under § 1132(a).

Because the Court does not have federal question jurisdiction over this case pursuant to § 1144(a) or § 1132(a), Defendant has not shown that the Court erred in dismissing this case for lack subject matter

11

jurisdiction. Accordingly, Defendant is not entitled to relief under Rule 60(b)(1), and its motion seeking relief from judgment and reconsideration is denied.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion for relief from judgment and for reconsideration. (ECF No. 10.)

IT IS SO ORDERED.

Dated: March 27, 2023         s/Judith E. Levy  
Ann Arbor, Michigan        JUDITH E. LEVY  
       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2023.

       s/William Barkholz  
       WILLIAM BARKHOLZ  
       Case Manager